## UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Deidra Dunn <br> *Plaintiff* <br><br> v. <br><br> Portfolio Recovery Associates, LLC <br> *Defendant* <br> Serve: <br>     Corporation Service Company <br>     2711 Centerville Road, Suite 400 <br>     Wilmington, DE 19808 | Case No. 3:17-cv-67-GNS |

## **COMPLAINT**

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

2. Defendant Portfolio Recovery Associates, LLC ("PRA") violated the FDCPA by misrepresenting the amount of the debt owed by Plaintiff Deidra Dunn and by collecting and attempting to collect more on a debt than Ms. Dunn legally owed.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4. Plaintiff Deidra Dunn is a natural person who resides in Jefferson County, Ky. Ms. Dunn is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company which has registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15

U.S.C. § 1692a(6). PRA is also a furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

7. On December 1, 2015, PRA filed suit against Ms. Dunn in the Jefferson District Court of Jefferson County, Kentucky under Case No. 15-C-011976 in an attempt to collect a charged off credit card debt originated by GE Capital Retail Bank as an Amazon-branded charge card.

8. The Amazon charge card debt was incurred for personal, family, or household purposes, which makes the Amazon charge card debt a "debt" within the meaning of the FDCPA.

9. The complaint provides in pertinent part:

> **COMPLAINT**
> \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*
>
> Comes the Plaintiff, the Creditor herein, by Counsel, and for its complaint, states as follows:
>
> 1. That the account of DEIDRA DUNN, bearing account number \*\*\*\*\*\*\*\*\*\*\*\*8005 is in default.
>
> 2. Said account is due and payable to Portfolio Recovery Associates, LLC, having acquired the account through sale, assignment or other legal means.
>
> 3. Said obligation is past due, and the Defendant(s) owes Plaintiff $1,521.60 with 12% per annum from date of judgment until paid, plus court costs.

10. A true and accurate copy of PRA's state-court complaint is attached as Exhibit "A."

11. PRA moved for and was awarded a default judgment against Ms. Dunn on August 3, 2016 (the "Judgment").

12. A true and accurate copy of the Judgment is attached as Exhibit "B."

13. The Judgment provides in pertinent part:

> It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s) Deidra Dunn the sum of $1,521.60 with 12% per annum from date of judgment until paid, plus court costs, for all of which it may have execution. There being no just cause for delay, this is a final and appealable Order.

14. While the Judgment awards PRA "court costs," no amount of court costs is included or set forth in the default judgment.

15. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

16. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

17. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

18. PRA did not file a bill of costs in the state court action.

19. PRA did not serve a bill of costs on Ms. Dunn.

20. There is no supplemental judgment entered in the Jefferson Circuit Court Case awarding PRA costs.

21. On or about October 27, 2016, served a wage garnishment on Ms. Dunn's employer in an attempt to collect the Judgment.

22. A true and accurate copy of the August 22nd Wage Garnishment is attached as Exhibit "C."

23. The Wage Garnishment provides in pertinent part:

| | | |
|---|---|---|
| AOC-150 Doc. Code: GAW<br>Rev. 7-09<br>Commonwealth of Kentucky<br>Court of Justice<br><br>KRS 425.501 | October 19, 2016<br><br><br>AFFIDAVIT FOR ORDER<br>OF WAGE GARNISHMENT | Case No. 15C011976<br>Court District2<br>County Jefferson |
| **JUDGMENT DEBTOR:**<br><br>Deidra Dunn<br>[redacted] | **JUDGMENT CREDITOR:** Portfolio Recovery Associates, LLC<br><br>Amount Due: $ 1,635.48 plus interest continuing at the rate of 12% until paid in full<br>Probable Court Costs: $ 20.00<br>Judgment Date: August 3, 2016<br>Creditor's Attorney: | |

24. The "Amount Due" of $1,635.48 is $113.88 more than was awarded to PRA in the Judgment and includes self-awarded costs or fees that PRA has no legal right to recover from Ms. Dunn.

25. To date, PRA has received at least $1,505.69 under the Wage Garnishment.

26. PRA violated the FDCPA by misrepresenting the amount of the Amazon debt and by collecting and attempting to collect additional fees and costs from Ms. Dunn that it had no legal right to collect from her.

## CLAIMS FOR RELIEF

27. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Deidra Dunn requests that the Court grant her the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com